NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGHUI ZHANG, | No. 07-74385 |
| Petitioner, | Agency No. A097-859-358 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Yinghui Zhang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on the IJ's demeanor finding, and based on the discrepancy between Zhang's asylum application and testimony regarding the police's motivations for persecuting him, the inconsistencies go to the heart of his claim. *See Sing-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (courts "give special deference to a credibility determination that is based on demeanor") (citation and internal quotation omitted); *Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007) (inconsistencies regarding the event that spurred the persecutors to threaten petitioner go to the heart of the claim and are not trivial). In the absence of credible evidence, Zhang has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zhang's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to China, his CAT claim fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED**.